Harper, J.
The whole estate was devised to Mrs. Robertson during widowhood, subject to a charge for the maintenance and education of her *255 children. The annexing of this charge can make no difference in other respects as to her duties and liabilities as tenant for life. The case of Devlin v. Patterson, (a) decided by this Court and referred to by the Chancellor, was chiefly relied on as settling the principles which are to be applied in the ease before us. The general conclusions in that casé are, that if chattels, strictly consumable in the use, such as corn, wine, &c., be given specifically to one for life with remainder over, the remainder is void, as being inconsistent with the only use which the tenant could make of them. If there be a similar bequest of articles wearing out in the use, such as farming utensils, &c., the remainder-man must take them, or such of them as remain, in the condition they are in at the termination of the life estate, deteriorated by the use of the tenant for life. But if such chattels be given by a residuary bequest, comprehending various articles, they are to be sold and the money vested ; the tenant for life to receive the interest, and after his’death, the remainder-man* to have the principal. The_consequence is, that the tenant for life accounts to the remainder-man for all articles of the commenee-description mentioned, at the value which they have at the ment of the estate for life.
In the case before us, the devise was not strictly of a residue but of an estate, There was no bequest of corb, ploughs, carts, horses or mules, but of an estate comprehending all these particulars, as well as lands and .slaves; and it seems to me to come within the reason of the rule which has been applied to the bequest of a residue. In this ease, however, the legatee was not boiipd, nor could she have been compelled, to sell the estate and vest the proceeds. From the power given to the executrix and executor to sell any part or all of the estate as they may think necessary or advisable, is plainly implied, that if they think proper they may retain and use it in kind, without sale, and hence it is inferred, that if they think proper to retain it, they are to account for perishable articles as if these had been specifically bequeathed. The inference does not seem to be legitimate. The option given by the testator was for the benefit of his estate; and it would seem unreasonable that by adopting one course the devisee should have an unlimited power of disposition over a large portion of the estate — to consume or wear out — while by the. other, she would be compelled to account for every article as she received it.
An extract from the opinion of Judge Nott, in the case of Devlin v. Patterson, will, I think, put the matter upon its true footing. “ There is another view of the subject which deserves consideration, and which is somewhat peculiar to the situation of this country Lands are sometimes given to one for life, together with the slaves, stock of horses, cattle plantation tools and provisions, with a limitation over. In such case, the perishable articles cannot be considered as belonging absolutely to the tenant for life ; neither can they be sold; because they are necessary for the preservation of the estate. The tenant for life must therefore be considered as a trustee for the remainder-man, and must preserve the estate, with all its appurtenances, in the same situation in which he *256 received. He may therefore be required to give an inventory of *the property, or security for its preservation according to circumstances. The tenant for life will be entitled to the increase of the stock and the rents and profits of the land; but he must keep up the stock of cattle, horses, provisions and instruments of husbandry, in the condition in which he received them. For although some of the articles may be consumable in the use and others are wearing out by the attrition of time, yet when taken altogether, being reproductive, the estate must be made to keep up its own repairs.” These views are so full and explicit, that little need be added to them. The principle is the same, though extended in its application, by which a tenant for life in England is forbidden to waste the estate, and is required to make ordinary repairs, or any other tenant is required to treat the estate in a husband-like manner, or the legatee for life of a flock or herd while he takes the increase, is required to keep up the original stock. The tenant for life is entitled to the use of the estate; but it is such use as a prudent proprietor would make of his estate. The profit of an estate is the nett income after defraying all necessary expenses; and to renew a plough that is worn out, or replace a horse or mule that dies, comes under the head of necessary expenses. Thus the relative rights of the tenant for life and remainder-man, will be the same, whethei the estate be sold and the proceeds vested or retained in kind. If, at the termination, of the life estate, all the articles of the sort mentioned are not in as good condition as when he received it, the tenant must make good the deficiency.
The decree of the Chancellor is therefore affirmed.
Johnson and O’Neall, Js., concurred.

 Columbia, 1829—not reported—opinion lost or mislaid.—R.